**Richard W. EARLE, Petitioner—Appellant,**

v.

**RUNNELS, Warden, Respondent—Appellee.**

**No. 05–15739.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Filed April 21, 2006.

Quin Denvir, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Mary J. Graves, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: B. FLETCHER, BEEZER and FISHER, Circuit Judges.

## MEMORANDUM *

Richard Earle, a California state prisoner, appeals the district court's denial of his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

28 U.S.C. § 2254 habeas corpus petition, challenging his Three Strikes sentence of 26–years–to–life imprisonment for receiving stolen property, a 16–year old motorcycle. Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief is proper if the state court's adjudication of the merits of the habeas claim resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We affirm the district court's denial of Earle's petition.

■ Earle's adult record consists of six first-degree burglary convictions. For those in 1988 and 1989, he was placed on probation. For those in 1990, he was sentenced to eight years in prison. After his release, Earle was convicted of being a felon in possession of a firearm. Despite his recidivism, Earle claims that the state's imposition of a sentence of 26–years–to–life imprisonment for receiving stolen property violated the Eighth Amendment. Although Earle's sentence is indisputably harsh when viewed against the underlying conduct leading to his conviction for violating Cal. Pen.Code § 496(a), the state court's denial of his claim was neither contrary to, nor an unreasonable application of, clearly established federal law in light of Earle's criminal history and the California legislature's "decision that when … a person commits yet another felony, he should be subjected to the admittedly serious penalty of [potential] incarceration for life, subject only to the State's judgment as to whether to grant him parole." *Rummel v. Estelle,* 445 U.S. 263, 278, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Earle argues that the Supreme Court's decision in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), provides clearly established authority to support his Eighth Amendment claim. However, the facts of Earle's case do not permit us to conclude that the California courts unreasonably applied the Supreme Court's Eighth Amendment cases on proportionality. In such cases as this, where the facts do not present an "exceedingly rare" case of unconstitutionally disproportionate punishment, *Rummel,* 445 U.S. at 274, 100 S.Ct. 1133 relief from the harshness of California's sentencing laws must come from the legislature or initiative process.

Similarly, Earle's reliance on *Ramirez v. Castro,* 365 F.3d 755 (9th Cir.2004), is misplaced. Earle contends that *Ramirez* supports his argument that the state's sentence is grossly disproportionate to the gravity of his most recent offense and prior criminal history. However, Earle's six first-degree burglaries—the 1989 burglary being committed while he was on probation for the 1988 charge, and the 1990 burglaries while he was on probation for the 1988 and 1989 charges—and conviction of being a felon in possession of a gun distinguish him from the defendant in *Ramirez.* Unlike that defendant, whose prior offenses merely comprised two convictions for second-degree robbery obtained through a single guilty plea, Earle has been in prison, received two grants of probation and had opportunities for rehabilitation through the juvenile justice system (after his arrest as a minor for vandalism and further juvenile adjudications for petty theft, driving without a license and evading an officer). Under these circumstances, Earle was "graphically informed of the consequences of lawlessness and given an opportunity to reform," *Rummel,* 445 U.S. at 278, 100 S.Ct. 1133 but nevertheless violated the law.

We also deny Earle's claim that the trial court's failure to conduct an adequate inquiry into potential juror misconduct arising from premature deliberations violated Earle's right to an impartial jury and his due process right to have the government prove its case beyond a reasonable doubt. Here, the state court did not unreasonably apply clearly established federal law in concluding that the jurors' misconduct was of a mild nature and did not concern Earle's guilt or innocence or the evidence presented, but was rather an expression of exasperation with the way the attorneys were conducting their questioning. Moreover, a post-trial investigation produced no evidence suggesting that the jurors' opinion(s) of counsel substantially and injuriously affected the verdict, *see Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), or that the jury based its verdict on anything other than the evidence before it. And because the Supreme Court has approved a post-verdict inquiry into juror partiality, as occurred here, *see Smith v. Phillips,* 455 U.S. 209, 218, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), no clearly established federal law renders fatal the state court of appeal's conclusion that the trial court's failure to question the jurors during trial (as opposed to after) was a harmless error under the state's "miscarriage of justice" standard. Consequently, Earle was not deprived of his right to an impartial jury and to have the government prove its case beyond a reasonable doubt.

**AFFIRMED.**